IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA S. SHAW,

    Plaintiff,                    No. CIV S-04-0995 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                 ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross motion for summary judgment .

///

## I. Factual and Procedural Background

In a decision dated February 21, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found the plaintiff was insured for benefits only through December 31, 2001; the plaintiff was not engaged in substantial gainful activity since the alleged onset of disability; plaintiff has an impairment or a combination of impairments considered severe but that do not meet or medically equal one of the listed impairments in Appendix 1; plaintiff's allegations regarding her limitations are not totally credible; plaintiff has the residual functional capacity to perform a full range of sedentary

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

exertional work, except that she requires an at will sit/stand option; plaintiff cannot work at unprotected heights; around dangerous machinery or drive; plaintiff cannot work in environments having noxious fumes, smoke, or high levels of dust; plaintiff's past relevant work as an eligibility worker and a loan clerk did not require performance of work-related activities precluded by her residual functional capacity; plaintiff's medically determinable lumbar degenerative disc disease and asthma do not prevent plaintiff from performing her past relevant work; plaintiff was not under a disability as defined in the Social Security Act, at any time through the date last insured of December 31, 2001; and the plaintiff is not entitled to a period of disability or disability insurance benefits. Administrative Transcript ("AT") 26.

Plaintiff contends that the ALJ evaluated her credibility improperly, failed to properly evaluate her treating physician's opinion, failed to consider her alleged concentration impairment, and failed to address her inability to complete a normal work week.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of

supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

**III. Analysis**

**Plaintiff's Credility**

First, plaintiff contends that the ALJ's credibility determination was erroneous.

Credibility determinations are the province of the ALJ. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. "If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

        Here, the ALJ found evidence of malingering.  The ALJ considered plaintiff's psychological test scores including findings of exaggeration and malingering.  (See AT 237, 319.)  The ALJ also noted "[e]xaminers reported that she appeared to be faking on psychological testing." (AT 24.)

        The ALJ found inconsistencies between plaintiff's testimony and her medical records.  Plaintiff claims that her pain and medication reduce her concentration.  (AT 20.)  Dr. Bauer found plaintiff able to maintain concentration, attention, and that her short and long-term memory were both intact.  (AT 24.)  The ALJ also noted that Dr. Allen opined that the plaintiff had no limitation in her abilities to comprehend, follow instructions, to perform simple and repetitive (as well as complex) tasks, and to maintain an appropriate pace.  (AT 20.)   The ALJ found that the plaintiff had experienced a stressful time at work, however, she claimed she did not have a psychiatric condition.  (AT 24.)  Thus, the ALJ considered the conflict between plaintiff's complaints and the medical evidence in properly finding plaintiff partially credible.[2] See Morgan v. Commissioner of the SSA, 169 F.3d 595, 600 (9th Cir.1999).

---

[2]  The plaintiff is correct in finding that the ALJ's statement that "plaintiff responded to conservative treatment option" is not supported by the record.  However, it appears to the court that this was simply a typographical error.  (See AT 21 and 23.)

**Treating Physician's Opinion**

Next, the plaintiff contends the ALJ should have accepted the opinion of her treating physician, Dr. Dillon.

In part, the weight given to medical opinions depends on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. If the contradicting opinion comes from a non-treating physician and is based on objective clinical tests, it must be viewed as substantial evidence. Magallanes, 881 F.2d at 751.

Here, Dr. Dillon opined that the plaintiff is unable to perform even sedentary work, on a full time basis. (AT 22, 427.) The ALJ gave minimal weight to Dr. Dillon's findings because they were not supported by detailed, clinical diagnostic evidence. (AT 23.) More

6

specifically, Dr. Dillon made her findings by simply checking several boxes on a form.[3]  (See AT 470-473, 490-493.)  Thus, the ALJ properly assigned little weight to Dr. Dillon's conclusory opinions.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion properly rejected); see also Magallanes, 881 F.2d at 751.

    The ALJ found the opinions of Dr. Jordan and the state agency non-examining physicians more persuasive.  Dr. Jordan found the plaintiff able to stand/walk for six hours with customary breaks, sit for six hours with customary breaks, lift/carry up to twenty-five pounds frequently, lift fifty pounds occasionally, and use push-pull devices.  Dr. Jordan based her light-work findings on plaintiff's medical records and examination.  (AT 380.)  The state agency physicians also found plaintiff capable of performing light work.  (See AT 323-330, 332-344.)  It is the province of the ALJ to resolve any conflicts between the doctor's opinions.  Andrews v. Shalala, 53 F.3d at 1042.  Thus, the ALJ's rejection of Dr. Dillon's opinion was proper.

**Plaintiff's Concentration Limitation**

    Next, plaintiff contends that the ALJ ignored the vocational expert's opinion regarding the absence of jobs for people with limitations on their ability to concentrate.

    Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  However, if the record indicates the ALJ had specific and legitimate reasons for disbelieving a claimant's testimony, regarding subjective limitations, those limitations need not be posed in the hypothetical.  Bowen, 849 F.2d at 422-23.  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that

---

[3] Dr. Dillon did find some improvement in plaintiff's mental functioning between February 2002 to September 2002.

7

ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. Id.

The ALJ may disregard self-serving statements where they are unsupported by objective evidence. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). If credibility is at issue, the ALJ must support his findings of disbelief by a specific and cogent reason. Id.

Here, the ALJ posed a hypothetical to the vocational expert ("VE") which included a portion of plaintiff's subjective complaints, namely her inability to sustain concentration. The VE opined that a person who is unable to sustain concentration would be unable to perform any of the plaintiff's past relevant work. (AT 50.) In his decision, the ALJ determined that the plaintiff only had a mild limitation as to her ability to concentrate. The ALJ based his finding on the opinions of Drs. Bauer and Allen. Dr. Bauer opined the plaintiff had normal concentration. Dr. Allen opined that the plaintiff was able to maintain an appropriate work pace. (AT 20, 226, 312.) As described above, the ALJ gave specific reasons for finding the plaintiff's subjective complaints only partially credible. Therefore, the ALJ did not err in omitting plaintiff's alleged concentration limitation. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**Disability Determination**

Lastly, plaintiff contends that the ALJ failed to address her inability to complete a full work week. The plaintiff explains that she should be found disabled as a matter of law because of the VE's testimony that there are no employment opportunities for someone who can only work two days a week. Plaintiff states that her inability to complete a normal work week is supported by her testimony regarding her daily activities, her husband's statements, and Dr. Dillon's opinion. However, as stated above, the ALJ only found plaintiff's testimony partially credible and rejected Dr. Dillon's opinion. Thus, the ALJ included all credible limitations in his decision and plaintiff's argument lacks merit. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986).

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and
2. The Commissioner's cross motion for summary judgment is granted.

DATED: July 7, 2005.

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE